UNITED STATES of America,
Plaintiff–Appellee,

v.

Richard D. JONES, Defendant–
Appellant.

No. 02–3672.

United States Court of Appeals,
Seventh Circuit.

Argued April 23, 2003.

Decided May 1, 2003.

Before BAUER, MANION, and DIANE P. WOOD, Circuit Judges.

ORDER

On January 29, 2002, shortly after 5:45 p.m., Charlie Washington was working in his garage when he was robbed by three dark-hooded assailants. The men, each holding a gun, ordered Washington to the ground, where he was kicked, threatened, and relieved of $250 in cash. Washington later learned from an unidentified neighborhood source that a man named "Fish" had bragged about the robbery. Washing-

ton went to the police with this information and was asked to examine a photo line-up. He selected the image of Richard Jones—a.k.a. "Fish"—and identified him as one of the assailants. Jones was arrested on March 6, 2002, and charged with robbery and confinement. But when Washington refused to name the person who told him of "Fish's" involvement in the robbery, the Indiana state court dismissed the charges.

Jones, however, was still on federal probation following a conviction in 2001 for distributing marijuana. The conditions of his probation included a ban on possessing any firearm and an instruction not to commit any federal, state, or local crime. Therefore, when the state court dismissed the charges against Jones, the probation office petitioned for revocation.

A hearing was held at which Jones denied involvement in the robbery, insisting that he was working in the housewares department of a local K–Mart store at the time. To back up his alibi, he produced a computer-generated time-card for the day of the robbery, showing a clock-in time of 4:29 p.m. and a clock-out time of 10:02 p.m. He testified that it is impossible for an employee to have another person clock in and out, as a manager is always on-duty nearby to hand out shift assignments. He also testified that it is impossible for an employee to leave work during his shift without his absence being noticed by supervisors. But Jones presented no testimony from anyone who actually saw him at work that day or from anyone who could verify K–Mart's timekeeping procedures and supervisory vigilance.

Washington was also present at the hearing and positively identified Jones as one of the robbers. He testified that before lying down he was able to look at his assailants for a period of time—at one point he said he saw them for three to five seconds; later he estimated up to a minute. He also testified that he did not

personally know anyone named "Fish," and that no one had pointed Jones out to him before the photo line-up.

To further support its case, the government pointed out that a few days after the robbery Jones abandoned his job at the K–Mart. The government also referred to testimony given by ATF Special Agent Eric Ellis at an earlier detention hearing. The exact content of that testimony is unclear (and the record contains no transcript of the hearing), but it appears that Ellis spoke to someone in K–Mart's human resources department, and may have been told that management was uncertain of Jones's whereabouts at the time of the robbery.

On the basis of the testimony given and the documents submitted, the district judge declared himself reasonably satisfied that Jones had violated the conditions of his probation. Jones's probation was therefore revoked and Jones was imprisoned for 23 months.

To revoke probation, the district court need only be "reasonably satisfied" that the defendant has violated its terms. *United States v. Hopson*, 39 F.3d 795, 801 (7th Cir.1994). The decision is reviewed for abuse of discretion. *Id.* To the extent that the court's decision to revoke probation depends on a determination of credibility, that decision is all but conclusive. *See United States v. Yusuff*, 96 F.3d 982, 986 (7th Cir.1996). However, the decision can be reversed if the credibility determination is exceedingly implausible. *See id.* This can be the case if the defendant's version of the story is supported by indisputable documentary evidence. *See Rodgers v. Western–Southern Life Ins. Co.*, 12 F.3d 668, 674 (7th Cir.1993).

In this case, the computer-generated time-card on which Jones rests his defense appears to be authentic. However, its value in establishing his alibi depends almost entirely on Jones's own testimony. If one

does not believe his report that a K–Mart manager directly oversees the clocking-in of employees and that his supervisors would necessarily notice if he was absent from his post, then it remains plausible either that someone else clocked in and out on Jones's behalf or that Jones himself clocked in only to leave work soon after. The decision in this case therefore rests on a determination of credibility. Although Washington, by his own account, saw his hooded assailants for only a few seconds, the judge did not clearly abuse his discretion in choosing to credit the veracity and reliability of his testimony. We therefore AFFIRM the district court's revocation of Jones's probation.